WODOGAZA v H & R TERMINALS, INC

Docket No. 89085. Submitted February 5, 1987, at Detroit. Decided July 21, 1987. Leave to appeal denied, 429 Mich —.

Steve Wodogaza was injured on the job when the forklift he was operating fell or overturned in an accident involving a tractor driven by a co-worker. Wodogaza sought and received workers' compensation benefits from his employer, Preston Trucking Company, Inc., and, with Joanne Wodogaza, filed suit in Wayne Circuit Court alleging negligence by S & P Equipment, Inc., and H & R Terminals, Inc., wholly owned corporate subsidiaries of Preston Trucking which owned the tractor and the premises, respectively, involved in the accident. The trial court, Charles Kaufman, J., granted summary disposition in defendants' favor, ruling plaintiffs had failed to state a claim upon which relief could be granted since, treating defendants and Preston collectively as plaintiff's employer, workers' compensation was the exclusive remedy available to plaintiffs under a provision of the Workers' Disability Compensation Act. Plaintiffs appealed.

The Court of Appeals *held*:

1. An economic reality test is used when determining, for purposes of the Workers' Disability Compensation Act, which of several separate corporate entities, parent or subsidiary, is a claimant's actual employer. Relevant factors considered under the test are (1) control of the worker's duties, (2) payment of wages, (3) the right to hire, fire, and discipline, and (4) the performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. In this case, an application of the test disclosed that Preston Trucking

REFERENCES

Am Jur 2d, Corporations §§ 2, 35, 42 *et seq.*; 55 *et seq.*; 797.

Am Jur 2d, Master and Servant § 2.

Am Jur 2d, Workmen's Compensation §§ 152 *et seq.*

Workers' compensation immunity as extending to one owning controlling interest in employer corporation. 30 ALR4th 948.

See also the annotations in the Index to Annotations under Corporations.

See also the annotations in the Index to Annotations under Labor and Employment.

was plaintiff Steve Wodogaza's actual employer at the time of his injury. Neither S & P Equipment nor H & R Terminals had any employees other than their statutorily required corporate officers, and their offices and activities were controlled by Preston Trucking. Neither carried workers' compensation coverage nor exercised control over plaintiff Steve Wodogaza, paid his wages, or was responsible for the imposition of discipline.

2. The Court of Appeals found no compelling reason not to respect the separate corporate identities of Preston Trucking and its subsidiaries, defendants S & P Equipment and H & R Terminals. Defendants are seeking to shield themselves from tort liability without having assumed any concomitant liability for the payment of workers' compensation benefits or without having accepted any responsibility for the work-related injuries of their parent corporation's employees.

Reversed and remanded.

1. WORKERS' COMPENSATION — ECONOMIC REALITY TEST — EMPLOYER-EMPLOYEE RELATIONSHIPS.

The economic reality test is used to determine if an employer-employee relationship exists for purposes of the Workers' Disability Compensation Act; it is also appropriate to use the economic reality test to determine which of two entities is a claimant's employer for purposes of the act (MCL 418.101 *et seq.*; MSA 17.237[101] *et seq.*).

2. WORKERS' COMPENSATION — EMPLOYMENT — ECONOMIC REALITY TEST.

The relevant factors to be considered under the economic reality test are (1) control of a worker's duties, (2) payment of wages, (3) the right to hire, fire, and discipline, and (4) the performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal.

3. CORPORATIONS — CORPORATE ENTITIES — PIERCING THE CORPORATE VEIL.

The function of a distinct corporate entity separate from the stockholder is a convenience introduced in the law to subserve the ends of justice; generally a corporation will not be permitted to pierce its own corporate veil in order to prove that it and a subsidiary are one entity absent circumstances where respecting the separate entities would subvert justice or cause a result contrary to a clearly overriding public policy.

4. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — SUBSIDIARY CORPORATIONS.

A subsidiary corporation which was organized solely for the

purpose of owning assets and leasing the assets back to its parent corporation and which exercised no control over its parent corporation's employees nor accepted any responsibility for the work-related injuries of such employees may not claim that workers' compensation is the exclusive remedy of an employee injured on the job and may instead be liable in tort to the injured employee.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman* (by *Theodore Sachs* and *William E. Maxwell, Jr.*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Joseph G. Lujan* and *Ernest R. Bazzana*), for defendants.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON, JR.,* JJ.

WAHLS, P.J. Plaintiffs appeal as of right from a grant of summary disposition to defendants on a personal injury claim. Central to plaintiffs' appeal is the question whether, as a matter of law, wholly owned corporate subsidiaries of an injured worker's corporate employer may avoid tort liability on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* Under the facts in this case and after an analysis of these facts in light of the applicable "economic reality" test and of certain equitable considerations, we hold that plaintiff is not barred by the exclusive remedy provision from pursuing damages against the wholly owned corporate subsidiaries. Accordingly, we reverse the circuit court's grant of summary disposition to defendants and remand the case for further proceedings.

Plaintiff Steve Wodogaza, an employee of Pre-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ston Trucking Company, Inc., a Maryland corporation, was injured during the course of his employment on May 6, 1981. Plaintiff alleged that he sustained injuries when the forklift he was operating fell or overturned due to actions of a co-worker who was driving a yard transfer tractor. The tractor was owned by defendant S & P Equipment, Inc., and the accident occurred on premises owned by defendant H & R Terminals, Inc. Both S & P and H & R are wholly owned subsidiaries of Preston. Subsequently, plaintiff applied for and received workers' compensation benefits from Preston and thereafter filed a complaint against defendants, alleging that H & R was negligent in failing to properly maintain its premises and that S & P incurred liability under the owner liability provision in the Michigan Vehicle Code, MCL 257.401; MSA 9.2101.

On September 4, 1985, defendants filed a motion for summary disposition under MCR 2.116(C)(4), lack of subject matter jurisdiction, and MCR 2.116(C)(8), failure to state a claim on which relief can be granted. Defendants contended that plaintiffs' exclusive remedy for injuries sustained was against Preston, as provided in the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). Defendants maintained that Michigan law does not recognize claims of a parent corporation's employee against wholly owned subsidiaries of the parent corporation. In support of their position, defendants relied heavily on *Wells v Firestone Tire & Rubber Co*, 421 Mich 641; 364 NW2d 670 (1984). Plaintiffs, also relying heavily on *Wells*, argued that Preston alone was the employer in this case and that, as such, Preston alone was entitled to the protection of the exclusive remedy provision. On October 25, 1985, Wayne Circuit

Judge Charles Kauffman, stressing that defendants were wholly owned subsidiaries of Preston and that Preston had "complete dominion over everything," granted defendants' motion for summary disposition, apparently under MCR 2.116(C)(8).

The standard of review employed by this Court regarding a circuit court's grant of summary disposition pursuant to MCR 2.116(C)(8) is well settled:

> The motion is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. [*Ortiz v Textron, Inc,* 140 Mich App 242, 244; 363 NW2d 464 (1985).]

On appeal, plaintiffs argue that the trial court erred in concluding that defendants, as a matter of law, may avoid liability under the exclusive remedy provision of the WDCA. That provision states that the right to recover benefits as provided in the WDCA "shall be the employee's exclusive remedy against the employer." MCL 418.131; MSA 17.237(131). Plaintiffs essentially argue that protection under that provision is limited, by its terms, to an "employer," which, in this case, includes Preston, but not defendants. Defendants respond that they and plaintiff's employer, their parent corporation, were properly treated as one entity by the circuit court under the authority of *Wells.* We disagree.

In *Wells,* the plaintiff was injured in the course

of his employment at Muskegon Firestone Auto Supply while changing a tube and tire on a truck rim manufactured by the defendant, Firestone Tire & Rubber Company. At the time of the injury, Muskegon Firestone was a wholly owned subsidiary of defendant Firestone. All of the subsidiary's directors were employees of the parent corporation, and the latter carried the workers' compensation coverage for employees at Muskegon Firestone. Plaintiff, citing the parent corporation as his employer, filed for and received compensation benefits and subsequently filed a product liability suit against that same corporation. This Court reversed the trial court's denial of summary judgment to the parent corporation based on the exclusive remedy provision of the WDCA, and the Supreme Court affirmed in a 4 to 3 decision. The Supreme Court, applying the economic reality test to the facts in the case, engaged in a "reverse-piercing" of the parent corporation's corporate veil, concluding that it would be inequitable to deny that corporation the benefit of the exclusive remedy provision. The Court reasoned that if a parent corporation is, under the economic realities of the situation, the true employer of an injured worker, then the parent corporation should not be denied the protection of the exclusive remedy provision merely because the injured worker was employed in name by a subsidiary of the parent corporation.

It is apparent that the instant case presents facts similar to those in *Wells*: A worker injured during the course of his employment at a wholly owned subsidiary and who received compensation benefits by citing the parent corporation as his employer is subsequently seeking civil damages in circuit court for injuries. In *Wells*, however, the plaintiff sought damages against the parent corpo-

ration, whereas in this case damages are sought against the subsidiary corporations. In light of the holding in *Wells*, this dissimilarity is no surprise. If plaintiffs had sued Preston, the parent corporation, they would clearly have been precluded from recovering based on the *Wells* rule.

The majority opinion in *Wells* emphasized that the economic reality test is appropriate for determining "which of the two separate corporations, parent or subsidiary, was plaintiff's actual employer for purposes of the Worker's Disability Compensation Act." 421 Mich 647. The Court, quoting from *Farrell v Dearborn Mfg Co,* 416 Mich 267, 276; 330 NW2d 397 (1982), described that test as follows:

> The issue of whether employment exists for purposes of the workers' compensation law has been frequently addressed by our courts. The standard to be used is the economic reality test, a broad approach which, in the oft-quoted language of Justice TALBOT SMITH, looks to the totality of the circumstances surrounding the performed work.
>
> "Control is a factor, as is payment of wages, hiring and firing, and the responsibility for the maintenance of discipline, but the test of economic reality views these elements as a whole, assigning primacy to no single one." *Schultz v American Box Board Co,* 358 Mich 21, 33; 99 NW2d 367 (1959).
>
> See, also, *Tata v Muskovitz,* 354 Mich 695; 94 NW2d 71 (1959); *Askew v Macomber,* 398 Mich 212; 247 NW2d 288 (1976); *McKissic v Bodine,* 42 Mich App 203; 201 NW2d 333 (1972); *Nichol v Billot,* 406 Mich 284; 279 NW2d 761 (1979); *Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975); *Allossery v Employers Temporary Service, Inc,* 88 Mich App 496; 277 NW2d 340 (1979).
>
> The economic reality test looks to the employment situation in relation to the statutory scheme of workers' compensation law with the goal of

preserving and securing the rights and privileges of all parties. No one factor is controlling. [421 Mich 648.]

We have often stated the relevant factors to be considered under the economic reality test:

(1) control of a worker's duties; (2) payment of wages; (3) the right to hire, fire, and discipline; and (4) the performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. *Lambard v Saga Food Service, Inc,* 127 Mich App 262, 270; 338 NW2d 207 (1983), lv den 419 Mich 958 (1984); *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976). [*Nezdropa v Wayne Co,* 152 Mich App 451, 465; 394 NW2d 440 (1986).]

See also *Parkkonen v Cleveland Cliffs Iron Co,* 153 Mich App 204, 209; 395 NW2d 289 (1986), and *White v Central Transport, Inc,* 150 Mich App 128, 130; 388 NW2d 274 (1986). Application of these factors to the facts in this case does not lead us to the conclusion that defendants are plaintiff Steve Wodogaza's employer and therefore entitled to the protection of the exclusive remedy provision of the WDCA.

Defendant H & R Terminals, Inc., was organized solely for the purpose of owning land and leasing it back to its parent corporation, Preston Trucking Company, Inc. Defendant S & P Equipment, Inc., was organized for the purpose of owning equipment and leasing it back to Preston. Neither of the wholly owned subsidiaries had any employees other than their statutorily required officers, and their offices and activities were controlled by Preston. Neither carried workers' compensation coverage. There is no intimation that anyone other than Preston exercised control over plaintiff, paid his

wages, or was responsible for the imposition of discipline. Under these circumstances, it seems clear that Preston, and neither S & P nor H & R was plaintiff's employer.

Nevertheless, defendants maintain that they are entitled to the protection of the exclusive remedy provision, which is available under the WDCA to "employers." Their argument is based essentially on the *Wells* Court's willingness to reverse-pierce the corporate veil of the defendant in that case, with the result that the separate identities of the parent and subsidiary corporations were disregarded. In *Wells*, the majority was willing to disregard the separate corporate identities of Firestone and its wholly owned subsidiary "premised upon our recognition of the important public policies underlying the Michigan Workers' Disability Compensation Act and on belief that a contrary determination would be inequitable under the facts of this case." 421 Mich 651. The Court noted that it would not have permitted the parent corporation to shield itself behind its wholly owned subsidiary in order to avoid payment of workers' compensation benefits to plaintiff, and that, correspondingly, the parent corporation was entitled to receive the benefit of the WDCA's exclusive remedy provision. The instant defendants contend that the same equities exist in this case and that they too are deserving of protection under the exclusive remedy provision even though such protection would require the disregarding of the separate corporate identities of Preston and defendants.

We find the following passage from *Wells* instructive on this issue:

We recognize the general principle that in Michigan separate entities will be respected. See *Klager v Robert Meyer Co,* 415 Mich 402; 329 NW2d 721

(1982), *Finley v Union Joint Stock Land Bank of Detroit,* 281 Mich 214; 274 NW 768 (1937), and *Gledhill v Fisher & Co,* 272 Mich 353; 262 NW 371 (1935).

However, the fiction of a distinct corporate entity separate from the stockholders is a convenience introduced in the law to subserve the ends of justice. When this fiction is invoked to subvert justice, it is ignored by the courts. *Paul v University Motor Sales Co,* 283 Mich 587, 602; 278 NW 714 (1938). This of course means that, in general, even though Firestone is the parent company of Muskegon Firestone, its separate existence will be respected, unless doing so would subvert justice or cause a result that would be contrary to some other clearly overriding public policy. See, *e.g., Cinderella Theatre Co, Inc, v United Detroit Theatres Corp,* 367 Mich 424; 116 NW2d 825 (1962).

Although traditionally the doctrine of "piercing the corporate veil" has been applied to protect a corporation's creditors, or other outsiders, where the corporate entity has been used to avoid legal obligations, *People ex rel Attorney General v Michigan Bell Telephone Co,* 246 Mich 198; 224 NW 438 (1929), Michigan courts have recognized that it may be appropriate to invoke the doctrine for the benefit of a shareholder where the equities are compelling. See, *e.g., Montgomery v Central National Bank & Trust Co of Battle Creek,* 267 Mich 142; 255 NW 274 (1934). [421 Mich 650-651.]

The circumstances in *Wells* clearly suggested that equity would not be served by failing to treat Firestone as plaintiff's employer for purposes of the exclusive remedy provision. Firestone was determined to be plaintiff's employer under the economic reality test, and plaintiff himself disregarded the corporate distinction between Firestone and its subsidiary in asserting that the former was his employer for the purpose of obtaining workers' compensation payments. For these same reasons, the instant plaintiff would be precluded from suing

Preston. It does not necessarily follow, however, that a preclusion from suing the parent corporation under an economic realities analysis also mandates a preclusion from suing the parent's subsidiary corporations.

First, the equities involved in these two instances are not identical. Most significantly, the subsidiaries in this case are seeking to shield themselves from tort liability without having assumed any concomitant liability for the payment of workers' compensation benefits. Defendants have never accepted any responsibility for the work-related injuries of their parent's employees. Second, as noted by the majority in *Wells*, the general principle in Michigan is that separate corporate identities will be respected, and thus corporate veils will be pierced only to prevent fraud or injustice. In the present case, defendants point to no injustice resulting from our recognition of their nonemployer status, as determined under an economic reality test analysis. Liability alone constitutes no such injustice. Indeed, if negligence on the part of one or both of the nonemployer subsidiaries in this case brought about plaintiff's injuries, injustice would result by failing to permit plaintiff to seek compensation against the proper tortfeasor or tortfeasors. Third, we are not unmindful that, as pointed out by Justice Levin in his dissent in *Wells*, the vast majority of states do not extend the reach of the exclusive remedy provision of a workers' compensation act by treating parent and subsidiary corporations as a single entity. 421 Mich 657. Rather, as recognized by the majority in *Wells*, courts generally respect the separateness of corporate entities.

We are aware that manifold business, financial, practical, and perhaps even esthetic considerations may move a corporate entity to diversify its struc-

ture through the creation of subsidiary corpora-
tions. Within those considerations, however,
should be a recognition of the obligations which
arise as a consequence of such diversification. As
noted in *Boggs v Blue Diamond Coal Co*, 590 F2d
655, 662 (CA 6, 1979), "The owners may take
advantage of the benefits of dividing the business
into separate corporate parts, but principles of
reciprocity require that courts also recognize the
separate identities of the enterprises when sued by
an injured employee." See *Wells, supra* at 662. In
this case, absent the equitable and overriding pub-
lic policy considerations present in *Wells*, we de-
cline to circumvent the general rule by reverse-
piercing corporate veils. Under the circumstances
in this case, we believe that the general rule and
equitable considerations require us to recognize
the separate corporate identities of defendants and
Preston. Thus, defendants cannot obtain the pro-
tection of the exclusive remedy provision of the
WDCA available to employers, and we reverse the
circuit court on this issue.

Plaintiffs also argue on appeal that the bar of
the exclusive remedy provision may be superseded
by the owner liability provision of the Michigan
Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et
seq.* That provision states that the owner of a
motor vehicle shall be liable for any injury occa-
sioned by the negligent operation of the vehicle.
MCL 257.401; MSA 9.2101. Plaintiffs stress that
defendant S & P owned the vehicle whose negli-
gent operation is alleged to have caused Steve
Wodogaza's injuries. In light of our conclusion that
the exclusive remedy provision does not bar plain-
tiffs from pursuing damages against defendants in
this case, however, we need not address this issue.
Moreover, plaintiffs raise this issue for the first
time on appeal and thus have failed to properly

preserve it for review. *Balogh v Flat Rock,* 152 Mich App 517, 520; 394 NW2d 1 (1985).

The circuit court's grant of summary disposition to defendants is reversed and the case is remanded for proceedings consistent with this opinion.