ANDRIACCHI v CLEVELAND CLIFFS IRON COMPANY

PATRICK v CLEVELAND CLIFFS IRON COMPANY

ISOLA v CLEVELAND CLIFFS IRON COMPANY

Docket Nos. 100204, 102740, 103309. Submitted October 5, 1988, at Marquette. Decided February 6, 1989.

Fabian Andriacchi was injured in the course of his employment at the Marquette Iron Mining Company. James G. Patrick was injured in the course of his employment at the Negaunee Iron Mining Company. James M. Isola was injured in the course of his employment at the Empire Mining Company. Each injured employee commenced a personal injury action in Marquette Circuit Court, naming as a defendant Cleveland Cliffs Iron Company. Cleveland Cliffs has an ownership interest in all three of the mining companies, provides management services to each of those companies pursuant to contract and controlled the duties of the employees of those companies. Cleveland Cliffs moved for summary disposition on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act. The trial courts, Raymond J. Jason, J., in the Andriacchi and Isola actions, and Edward A. Quinnell, J., in the Patrick action, granted the motions for summary disposition in favor of Cleveland Cliffs, finding that under the economic reality test Cleveland Cliffs was an employer for the purpose of the exclusive remedy provision of the Workers' Disability Compensation Act. Plaintiffs filed separate appeals, each arguing that the trial courts erred by relying on the interpretation and application of the economic reality test adopted by the Court of Appeals in *Parkkonen v Cleveland Cliffs Iron Co,* 153 Mich App 204 (1986), because the *Parkkonen* case was incorrectly decided under existing precedent. The appeals were consolidated.

The Court of Appeals *held:*

The *Parkkonen* panel correctly applied the economic reality test to factually similar situations. Since *Parkkonen* was cor-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 68.5, 167 *et seq.*

See the Index to Annotations under Independent Contractors; Worker's Compensation.

rectly decided, the trial courts in these cases properly relied upon *Parkkonen* in reaching the conclusion that Cleveland Cliffs was not liable in tort by reason of the exclusive remedy provision of the Workers' Disability Compensation Act.

Affirmed.

WORKERS' COMPENSATION — EMPLOYMENT — ECONOMIC REALITIES TEST.

Whether a business was an employer of a worker claiming workers' compensation benefits depends upon the economic realities of their relationship; among the relevant factors which demonstrate an employment relationship are: (1) control of the workers' duties, (2) the payment of wages, (3) the right to hire and fire, and the right to discipline, and (4) the performance of the worker's duties as an integral part of the business toward the accomplishment of a common goal.

*Wisti & Jaaskelainen, P.C.* (by *Andrew H. Wisti*), for plaintiffs.

*Clancey, Hansen, Chilman, Graybill & Greenlee, P.C.* (by *Ronald E. Greenlee*), and *Geissler & Dean, P.C.* (by *Timothy M. Dean*), for defendant.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. Plaintiffs in these consolidated cases appeal as of right from orders of summary disposition dismissing their personal injury claims by reason of the application of the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). We affirm.

Plaintiff Fabian Andriacchi was injured on January 31, 1980, in the course of his employment as plant repairman apprentice with the Marquette Iron Mining Company in Republic, Michigan. Andriacchi struck the back of his head on the top of a tunnel in a mine shaft when he was ordered to

* Circuit judge, sitting on the Court of Appeals by assignment.

inspect roller bearings on a conveyor belt. Andriacchi has not been able to perform any type of manual labor or physical activity since sustaining his injury. His attempt to resume work in April of 1980 was unsuccessful. Andriacchi filed suit against Cleveland Cliffs, alleging that, as manager of the mine, Cleveland Cliffs was not his employer but rather was a general contractor whose negligent discharge of its duties resulted in his injuries. The trial court granted Cleveland Cliffs' motion for summary disposition under MCR 2.116(C)(4) and (8), ruling that plaintiff's injuries arose out of and in the course of his employment and, therefore, were barred by the exclusive remedy provision of the WDCA.

Plaintiff James G. Patrick was injured on March 26, 1976, in the course of his employment as a post digger operator with the Negaunee Iron Mining Company in Marquette County, Michigan. Patrick was struck face first by an ore car which subsequently ran over and crushed his right foot and leg below his knee. Patrick had been assigned to clean mud out of underground ditches in the mine using a pick shovel and ladder. As a result of said injuries Patrick was unable to return to his former position. He went back to the mine, but was given a sit-down job at a significant reduction in pay. Patrick brought a negligence action against Cleveland Cliffs, which moved for summary disposition. The trial court granted Cleveland Cliffs' motion for summary disposition under MCR 2.116(C)(8) and (10), ruling that it was immune from suit pursuant to the exclusive remedy provision of the WDCA.

Plaintiff James M. Isola was injured on July 19, 1976, in the course of his employment with the Empire Mining Company when Isola and another worker were ordered to transport a large bearing reservoir using a Drott crane and truck. During

the course of this operation, the Drott crane capsized and Isola was pinned beneath it. His lower right leg was crushed and subsequently amputated. Isola instituted a products liability action against the manufacturer of the crane, Drott Manufacturing Company. Isola subsequently filed a second amended complaint which named Cleveland Cliffs Iron Company as a defendant, alleging his injuries were suffered in the course of his employment. Isola's allegations for liability against Cleveland Cliffs were essentially the same as those alleged by Andriacchi and Patrick. The trial court once again granted Cleveland Cliffs' motion for summary disposition under MCR 2.116(C)(8) and (10) again on the grounds that it was immune from suit pursuant to the exclusive remedy provision of the WDCA.

Cleveland Cliffs Iron Company is the holder of an ownership interest in all three mining companies, Marquette, Neguanee and Empire. Additionally, Cleveland Cliffs provides management services to each of these three companies pursuant to a contract. Cleveland Cliffs exercised general supervision over the activities of employees at the mining companies, including the right to discipline, to distribution of safety booklets, to instruct on safe work procedures, to hire, fire and review employment applications and to control the day-to-day activities of the mine workers. Further, wages were drawn on Cleveland Cliffs' account after being processed through its head office in Cleveland; however, the cost of wage payments were eventually transferred to the individual mining companies.

The issue presented to this Court is whether the trial courts, in granting the motions for summary disposition, properly followed and applied to the facts of this case the economic reality test as

enumerated in *Parkkonen v Cleveland Cliffs Iron Co,* 153 Mich App 204; 395 NW2d 289 (1986), lv den 428 Mich 859 (1987). This Court concludes, for the following reasons, that in each of the consolidated cases the trial court properly granted the motion for summary disposition.

Plaintiffs argue the trial courts incorrectly relied on *Parkkonen* which had based much of its holding that Cleveland Cliffs was, under the economic reality test, an employer of other similarly situated employees on the Michigan Supreme Court decision in *Wells v Firestone Tire & Rubber Co,* 421 Mich 641; 364 NW2d 670 (1984). Plaintiffs argue that, unlike the factual situation in *Wells,* Cleveland Cliffs was not a parent corporation or even a majority shareholder of the plaintiffs' employers. The plaintiffs therefore argue that this Court's decision in *Parkkonen* ignores the competing public policy notions behind the exclusive remedy provision of the protection of injured plaintiffs and the preservation of the plaintiff's right to recover from third-party tortfeasors under said act. Finally, plaintiffs argue a proper application of the economic reality test, pursuant to *Wells,* leads to the conclusion that Cleveland Cliffs was not the plaintiffs' employer and, therefore, is not protected by the exclusive remedy provision.

Cleveland Cliffs argues that the trial courts properly followed *Parkkonen* in granting their motions for summary disposition because the plaintiffs admitted the facts of the instant cases were substantially similar to those in *Parkkonen.* Cleveland Cliffs further argues it was properly found to be the plaintiffs' employer through the application of the economic reality test as enumerated in *Wells* and *Parkkonen.*

At one time, the only test for determining whether a person was an employee was the tradi-

tional common-law test used to delineate the master-servant relationship. This test centered around the question of control over the employee. In *Tata v Muskovitz,* 354 Mich 695; 94 NW2d 71 (1959), the Michigan Supreme Court adopted the dissenting opinion of Justice TALBOT SMITH in *Powell v Employment Security Comm,* 345 Mich 455; 75 NW2d 974 (1956), which set forth the economic reality test as the proper guide to relevant interpretation of the workmens' compensation statute. Since *Tata,* the Supreme Court has consistently utilized the economic reality test when questions have arisen relative to the existence of an employment relationship. Recently, in *Wells,* the Court ruled that it is appropriate and consistent to utilize the economic reality test to determine whether two separate corporations were each an employee's actual employer for purposes of the WDCA. While the two corporations in *Wells* were parent and subsidiary, we agree with this Court's decision in *Parkkonen* that the economic reality test should also be utilized in determining whether Cleveland Cliffs, in addition to the individual mining companies, was the plaintiffs' employer for the purpose of the WDCA.

The economic reality test examines the totality of the circumstances surrounding the work relationship. The factors recognized as relevant in analyzing the nature of the relationship are

(1) control of a worker's duties, (2) payment of wages, (3) the right to hire, fire, and discipline, and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. [*Parkkonen, supra,* p 209.]

Under the economic reality test, the common-law test of control is only one factor to be considered

by a court. Additionally, other factors such as payment of wages, hiring and firing, and responsibility for maintenance of safety and discipline are all considered. All factors are viewed cumulatively, however; and no single factor conclusively establishes the existence or absence of an employer-employee relationship.

In *Wells,* the Supreme Court examined the defendant's relationship with the plaintiff's actual employer, a retail store corporation owned by the defendant, and concluded the two corporate operations were so closely intertwined the defendant was also the plaintiff's employer. The Supreme Court further noted that while generally the fiction of distinct corporate entities must be recognized and respected:

> Our disregard of the separate corporate entities of Firestore and its wholly owned subsidiary is premised upon our recognition of the important public policies underlying the Michigan Worker's Disability Compensation Act and our belief that a contrary determination would be inequitable under the facts of this case. *The statutory workers' compensation scheme was enacted for the protection of both employees and employers who work and do business in this state. The system assures covered employees that they will be compensated in the event of employment-related injuries. In addition, employers are assured of the parameters of their liability for such injuries.* By agreeing to assume responsibility for all employment-related injuries, employers protect themselves from the possibility of potentially excessive damage awards. *In order to effectuate these policies, the statute has been liberally construed to provide broad coverage for injured workers.* [*Wells, supra,* p 651. Emphasis added.]

Here, as in *Parkkonen,* the plaintiffs' duties

were controlled by Cleveland Cliffs. For example, testimony revealed that Cleveland Cliffs disciplined the employees. Further, the managers and superintendents at the mines, who were in charge of controlling the day-to-day activities of the workers, were employed and paid by Cleveland Cliffs. Cleveland Cliffs also distributed safety booklets and thereby instructed the mine workers in safe work procedures, solicited applications for employment, reviewed the applications, and made hiring and firing decisions. The only factor weighing against the finding of an employer/employee relationship is the payment of wages and benefits, the cost of which were transferred back to the individual mining companies. Therefore, the ultimate responsibility for payment of wages and benefits, including the payment of workers' disability compensation benefits, fell on the individual mining companies.

However, the final factor under the economic reality test is whether the performance of the employee's duties were an integral part of the business of the party claiming to be the employer toward accomplishment of a common goal. This Court held in *Parkkonen,* under substantially similar facts:

> The plaintiffs were engaged in mining iron ore, and testimony at the hearing indicated that defendant's principal business is mining. The mining companies were also involved in the same business, and were dependent upon defendant due to the latter's ownership of a portion of the mineral rights to the iron ore mined. Defendant was in turn dependent upon the companies and the workers to extract the ore. It is therefore clear that all parties were working toward the accomplishment of a common goal, one which could be realized only by a combined business effort. [*Parkkonen, supra,* p 211.]

We agree that an overall view of the relationship, in the consolidated cases at bar, indicates that Cleveland Cliffs was the plaintiffs' employer for purposes of the WDCA. This conclusion is consistent with the underlying purpose of the act as enumerated above, in addition to the Michigan Supreme Court's decision in *Wells* and our decision in *Parkkonen.* Plaintiffs' argument that *Parkkonen* simply glosses over the parent/subsidiary distinction of *Wells* and that the economic reality test is inappropriately applied to this contractual relationship is unpersuasive. The Michigan Supreme Court denied leave to appeal from this Court's decision in *Parkkonen.* Therefore, we hold the economic reality test is the appropriate legal criterion for determining whether Cleveland Cliffs is entitled to be treated as an employer of these plaintiffs in their actions for personal injuries which occurred during the course of their employment. The trial court's grant of summary disposition was proper because plaintiffs failed to meet their burden to come forward with affirmative evidence establishing a question of fact or legal justification.

In so ruling, we recognize that another panel of this Court recently held in *Wodogaza v H & R Terminals, Inc,* 161 Mich App 746; 411 NW2d 848 (1987), that the exclusive remedy provision did not bar an employee from pursuing an action for damages against the wholly-owned subsidiaries of his employer. However, neither of the subsidiaries in the *Wodogaza* case were responsible for the plaintiff's workers' compensation coverage. Also, the parent corporation, and not the subsidiaries, exercised the control over the plaintiff, paid his wages, and was responsible for the imposition of discipline. This is not the set of facts present in the case at bar. The Court applied the economic

reality test and found the subsidiaries in the *Wodogaza* case did not amount to the plaintiff's employer. We believe that the significant differences between the employment relationship in *Wodogaza* and the case at bar justify a different result.

Affirmed.