45 So.2d 712

**AGNESIA v. STATE.**

**6 Div. 976.**

Court of Appeals of Alabama.

April 11, 1950.

Maurice F. Bishop, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for appellee.

HARWOOD, Judge.

This is an appeal from a decree of the circuit court of Jefferson County declaring contraband a roulette wheel and forfeiting same to the State, on account of said machine or device having been possessed as a gambling device.

The evidence presented in the proceedings below shows without dispute that two police officers, armed with a search warrant, entered the residence of Joe Agnesia in the City of Birmingham.

In the living room of the residence they found a wooden crate, addressed to Joe Agnesia, which crate was securely fastened. Upon opening the crate there was found what is termed by Mr. Darnell, a member of the gambling detail of the Birmingham Police Department, as a "roulette wheel, that is the part called the drumhead. It sits within another part called the layout."

Mr. Agnesia informed the officers that "he didn't have any intention of operating it in the City and that it had been sent off for—to be repaired, and shouldn't have been delivered to his house. He intended to pick it up at the express office and take it outside the county for operation."

Members of the gambling detail of the Birmingham Police Department further testified that they had never observed a roulette wheel operated without a wheel, or drumhead; a layout, or table; and a ball, though they further testified that the wheel or drumhead could be operated as a gambling device without a layout and ball, though with no degree of accuracy.

Appellant's counsel has argued three propositions in his brief, based on appropriate assignment of errors. The first two we think may be jointly considered. These propositions assert that "a wheel, which does not have (1) a ball, (2) a drum or (3) a layout table, and which has never been used, opened or exhibited within this State is not a 'gambling device' within the provisions of Title 14, Section 283 of the Code of Alabama 1940," and that "a wheel, which constitutes one of four indispensable parts of a roulette wheel, and which is found crated, unopened and securely fastened, in a private residence, in the absence of some evidence that it has been opened, exhibited, displayed, possessed or used as a 'gambling device' is not within the prohibition of Title 14, Section 283 of the Code of Alabama of 1940."

Article 4, Secs. 283–292, Title 14, Code of Alabama 1940, pertains to the suppression of gambling devices.

Section 284, supra, provides that: "It shall be unlawful for any person * * * within this state, to possess, keep, own * * * any gambling device prescribed in section 283 of this title, at any place whatsoever."

The reasonable inference under the evidence is that the seized wheel was owned by Agnesia; there can be no doubt whatsoever that he possessed the wheel at the time of its seizure. See Holmes, The Common Law, p. 220. The fact that the wheel was crated at the time of its seizure does not affect this fact of possession.

Further, the fact that the wheel was found in the private residence of Agnesia is of no significance, since the statute prohibits the ownership of gambling devices in this State "at any place whatsoever."

The ultimate fact to be determined under the two points raised by appellant, and now under consideration is whether the wheel seized was subject to condemnation as a gambling device, as that term is defined in Section 283, supra.

Section 283, supra, in many subheads attempts to define what is a gambling device.

In subhead (d) such device is defined as follows:

"Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, which is operated or can be operated as a game of chance."

■ The above definition is broad in scope, and evidences an effort by the legislature toward the suppression of the gambling evil in this State, an evil, by common knowledge, often carried out in devious channels, and which if not checked produces results considered highly detrimental to society by the mores of this State.

It is noted that the definition of a gambling device, supra, includes any contrivance, or appliance, which can be operated as a game of chance.

In Webster's New International Dictionary, Unabridged, 2nd Ed., "contrivance" is defined as: 2. A thing contrived or used in contriving; a scheme, plan, or artifice, and 3, a mechanical device; an appliance.

An "appliance" has been judicially defined many times, and among these definitions enunciated by the courts of our sister states we find the following:

"Appliances" are things applied to or used as a means to an end. Roberts v. City of Los Angeles, 7 Cal.2d 477, 61 P.2d 323.

The word "appliances" is very broad, and includes anything applied or used as a means to an end. Cook v. Big Muddy-Carterville Mining Co., 249 Ill. 41, 94 N.E. 90.

Appliance is anything brought into use as a means to an end. Honaker v. Board of Education, 42 W.Va. 170, 24 S.E. 544, 32 L.R.A. 413, 57 Am.St.Rep. 847.

The word "appliance" includes everything applied or used as a means to an end, and is something applied or used directly or adapted to the accomplishment of a purpose; an instrumental means, aid, or appurtenance; an apparatus or device. Palmer v. Great Northern Ry. Co., 119 Mont. 68, 170 P.2d 768 at page 775.

■ In our opinion the wheel seized was a gambling device within the terms of Section 283(d), supra, in that it is an appurtenance adapted to the purpose of gambling, and could be reasonably used only for that purpose.

Appellant's able counsel argues that if such conclusion be reached, then every checkerboard, automobile license tag, and coin should be condemned, because susceptible of use as a gambling device.

■ Courts should not function in a miasma of unreality produced by technicalities and specious syllogisms. We cannot shut our eyes and minds to facts commonly known. It is commonly known that a wheel such as the one here seized is an appliance logically adapted to the accomplishment of but one purpose, and is the means to but one end, and that is gambling. Its inherent nature negatives any logically innocent use or purpose.

Appellant's third point asserts that the lower court erred in that part of its decree directing that the Chief of Police of the City of Birmingham, Alabama, destroy said gambling device in the presence of the register of the court below, etc.

Section 291, supra, directs that when any gambling device is ordered condemned and destroyed, the chancellor shall direct the destruction thereof by the sheriff of the county in the presence of the register.

■ The decree of the lower court is hereby modified to the extent that it is hereby directed that the sheriff of Jefferson County destroy said gambling device in the presence of the register of the court below. In all other respects the decree from which this appeal is taken is due to be affirmed. It is so ordered.

Modified and affirmed.