LOUIS M. MURRAY, dba MURRAY CHICK STORE, appellant, v. ROYAL INDEMNITY COMPANY, appellee.

No. 49054.

(Reported in 78 N.W.2d 786)

OCTOBER 16, 1956.

Thomas J. Griffin, of Sioux City, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellee.

SMITH, J.—On or about February 7, 1955, an employee in plaintiff's "chick" store in Sioux City used a common garden hose to water the chicks by drawing water from an inside faucet to their troughs. After completing the operation he turned the water off at the nozzle but failed to shut off the faucet.

Sometime during the ensuing night the water pressure burst the hose and flooded the store and went through the partition into an adjoining retail shoe store causing damage for which plaintiff was liable to his neighbor but for which defendant insurance company denied liability. Plaintiff thereupon paid his damaged neighbor and commenced this action to recover upon an existing "Owners', Landlords' and Tenants' Liability Policy" issued by defendant to him. There was a judgment for defendant and plaintiff appeals.

The sole question involved on appeal is the correctness of the trial court's holding that the injury came under an exclusionary clause of the policy which provided that the policy did not apply:

"3. * * * (f) to injury to or destruction * * * from * * * the discharge, leakage or overflow of water * * * from plumbing * * * systems * * * or *industrial or domestic appliances* * * *." (Italics supplied.)

Plaintiff contends the hose was not a part of the plumbing system nor an "appliance" within the terms of this exclusionary language. The trial court agreed it was not a part of the plumb-. ing system but concluded it "was an apparatus or device used as a means to an end" and was therefore "an appliance within the provisions of the policy and by the terms of the policy excluded, and there is therefore no liability under the policy of the defendant to the plaintiff." There is no dispute of fact. The judgment is based upon an "Adjudication of Law Points" requested by plaintiff. He elected to stand on the pleadings and has appealed.

I. The briefs are indeed *brief*—doubtless because of the narrow question involved. Plaintiff-appellant presents but one brief point: All doubts in construing insurance policies should be resolved against the company, especially as to exceptions, exclusions and conditions, and from the standpoint of an "ordinary" person, not as a "technical lawyer."

There can be no quarrel with the statement. Nor can we disagree with the fifteen or twenty cases cited to sustain it. But none sheds much light on plaintiff's contention that the trial court's quotation of the dictionary definition of the common word "appliances" brands the judge as a "technical lawyer."

The language in question, as used in the policy, is neither obscure nor technical. The little Webster's Collegiate Dictionary (copyright, 1936) defines the word "appliance" as "a piece of apparatus; instrument; device;" and gives "device" as its synonym. The Unabridged says: "A thing applied or used as a means to an end; a piece of apparatus; device." It is hard to find anything misleading in the use of this common word to include a hose, itself defined as "A flexible pipe as of rubber, for conveying fluids from a faucet, hydrant, etc." It seems to be exactly described as an "appliance" and no "exhaustive research by a technical lawyer" is required to identify it.

The term "appliance" cannot be properly said to be "indefinite" except in that it is broad and inclusive. Appellant argues it "could be used with reference to thousands of articles, gadgets, apparatus and pieces of equipment." True! But the argument overlooks the limitation placed on it here.

The policy excludes injury from the "discharge, leakage or overflow of water * * * from * * * industrial or domestic appli- ances." The language leaves no uncertainty as to the "appli- ances" referred to. Certainly every appliance cannot discharge or leak water. Damage by reason of flood from a leaky or burst hose is unmistakably excluded from coverage.

We refrain from a lengthy discussion of cases. None cited by appellant sustains his contention. We have examined them as we have those referred to by appellee. The definition of "ap- pliance" as "a thing used as a means to an end" has been used so many times in judicial decisions that it may be said to be standard. See Palmer v. Great Northern Ry. Co., 119 Mont. 68, 170 P.2d 768, 775; Roberts v. City of Los Angeles, 7 Cal.2d 477, 61 P.2d 323, 330; Cook v. Big Muddy-Carterville Mining Co., 249 Ill. 41, 94 N.E. 90, 93; Snowden v. Kittitas County School Dist., 38 Wash.2d 691, 231 P.2d 621, 624, 625; Agnesia v. State, 35 Ala. App. 264, 45 So.2d 712, 714; Honaker v. Board, 42 W. Va. 170, 24 S.E. 544, 545, 32 L. R. A. 413, 57 Am. St. Rep. 847.

The context in which used and its relation to the facts of the particular case is the decisive consideration. After all "every tub must stand on its own bottom" and every case on its own facts. We think the language of the policy clearly excludes liability for the damage here.

The decision is affirmed.—Affirmed.

All JUSTICES concur.