ISOM v LIMITORQUE CORPORATION

Docket No. 131246. Submitted March 11, 1992, at Lansing. Decided
April 6, 1992, at 10:20 A.M. Leave to appeal sought.

Perry and Deborah Isom brought an action in the Genesee
Circuit Court against Limitorque Corporation and others, seek-
ing damages for injuries sustained by Perry Isom when an
allegedly defective chicken cooker exploded at the Kentucky
Fried Chicken restaurant where he was employed. Kentucky
Fried Chicken Corporation's motion for summary disposition
was granted pursuant to the exclusive remedy provision of the
Workers' Disability Compensation Act and the corporation was
dismissed with prejudice. Plaintiffs then filed amended com-
plaints, alleging products liability against several parties, in-
cluding KFC National Management Company and KFC Manu-
facturing Corporation. The court, Judith A. Fullerton, J., en-
tered an order granting partial summary disposition for defen-
dant KFC Manufacturing Corporation only, finding the exclu-
sive remedy provision of the WDCA applicable to it. The plain-
tiffs appealed.

The Court of Appeals *held*:

1. Application of the economic reality test to determine
whether a parent or subsidiary corporation is an employer for
purposes of the WDCA is inappropriate in this case because the
plaintiffs did not present evidence or affidavits to dispute the
defense interposed by KFC Manufacturing Corporation that it
was only a division of the same parent corporation that em-
ployed Perry Isom and, therefore, was entitled to be treated as
if it was his employer.

2. The plaintiffs have not presented any evidence to indicate
that KFC Manufacturing Corporation existed as a separate
legal entity at the time of the accident.

3. Even if KFC Manufacturing Corporation were a separate

REFERENCES

Am Jur 2d, Corporations §§ 42 *et seq.;* Workmen's Compensation
§§ 28, 50-51, 288.
Modern status: "dual capacity doctrine" as basis for employee's
recovery from employer in tort. 23 ALR 4th 1151.
Workmen's Compensation Act as furnishing exclusive remedy for
employee injured by product manufactured, sold or distributed by
employer. 9 ALR 4th 873.

legal entity, the facts and circumstances indicate that it would be entitled to have that status disregarded under a "reverse-piercing" of its corporate veil.

Affirmed.

1. Workers' Compensation — Exclusive Remedy — Products Liability.

The exclusive remedy provision of the workers' compensation act barred a products liability action against a manufacturer where it was established that the manufacturer was only a division of the same parent corporation that employed the plaintiff, the parent provided workers' compensation insurance for all of its employees, including the employees of its subsidiaries, and the plaintiff received workers' compensation benefits for the work-related injury occasioned by the product (MCL 418.131; MSA 17.237[131]).

2. Workers' Compensation — Judicial Construction — Products Liability — Corporations — Corporate Entities — Piercing the Corporate Veil.

The workers' compensation act is to be construed liberally when an employee seeks benefits and should not be construed differently when the employer asserts it as a defense to a products liability action brought by an employee who claimed and accepted benefits arising from that employment relationship.

3. Workers' Compensation — Exclusive Remedy — Dual-Capacity Test.

An employer may act in a dual capacity so as to defeat application of the exclusive remedy provision of the workers' compensation act; for the dual-capacity doctrine to be applied, the employer must have a second identity so completely distinct from its status as an employer that by established standards the law will recognize it as a separate legal person (MCL 418.131; MSA 17.237[131]).

*Feikens, Foster, Vander Male & DeNardis, P.C.* (by *Gregory Muller*), for the plaintiffs.

*Kluczynski, Girtz & Vogelzang* (by *Robert W. Steelman*), for KFC Manufacturing Corporation.

Before: Shepherd, P.J., and Sawyer and Connor, JJ.

Connor, J. Plaintiffs appeal as of right from an

order of August 10, 1990, entered by the trial court granting partial summary disposition to defendant KFC Manufacturing Corporation only, MCR 2.604(A). We affirm.

In the initial complaint, filed against Kentucky Fried Chicken Corporation, plaintiff Perry Isom claimed he was severely injured on June 23, 1986, when an allegedly defective chicken cooker exploded at the Kentucky Fried Chicken restaurant where he was employed.[1] Kentucky Fried Chicken Corporation filed a motion for summary disposition, contending it was plaintiff's employer and entitled to the benefit of the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). Plaintiffs agreed to dismiss Kentucky Fried Chicken Corporation with prejudice. Subsequently, plaintiffs filed amended complaints alleging products liability against several parties, including KFC National Management Company and KFC Manufacturing Corporation. Defendants submitted affidavits that established that Kentucky Fried Chicken Corporation was a holding company that held all the stock of KFC Corporation, and KFC Corporation was the parent of KFC National Management Company, a wholly owned subsidiary. Before 1979, KFC Manufacturing Corporation was also a wholly owned subsidiary of KFC Corporation. However, on August 31, 1979, KFC Manufacturing Corporation merged with and into KFC National Management Company and became a division of KFC National Management Company. Since the merger, KFC Manufacturing Corporation has ceased to exist as a separate entity.

The allegedly defective chicken cooker was originally built by KFC Manufacturing Corporation in

---

[1] His wife, Deborah Isom, also sought damages for loss of consortium as a result of her husband's injuries.

1972, and subsequently rebuilt by KFC Manufacturing Corporation in 1986 when KFC Manufacturing Corporation functioned as a division of KFC National Management Company.

On appeal, plaintiffs contend that KFC Manufacturing Corporation should not be entitled to the benefit of the exclusive remedy provision under the WDCA because KFC Manufacturing Corporation existed as a separate legal entity when it manufactured the chicken cooker in question; alternatively, plaintiffs argue that even if KFC Manufacturing Corporation is deemed to be plaintiff Perry Isom's employer, it had a separate and distinct relationship with plaintiffs so that the dual-capacity doctrine applies and prevents KFC Manufacturing Corporation from accepting tort liability. We disagree.

When determining whether a parent or subsidiary corporation is an employer for purposes of the WDCA, the test to apply is the economic reality test, which involves considering the facts surrounding the employment relationship. *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 646-648; 364 NW2d 670 (1984). However, application of this test would be inappropriate in this case because plaintiffs have never presented any evidence or affidavits to dispute the defense interposed by KFC Manufacturing Corporation that it was only a division of the same parent corporations that employed plaintiff Perry Isom and, therefore, is entitled to be treated as if it were also plaintiff's employer. By affidavit, it was established that Kentucky Fried Chicken Corporation paid for workers' compensation insurance for all of its employees, including the employees of its subsidiaries. Plaintiffs have relied solely on the corporate structure of KFC Corporation to argue that KFC Manufacturing Corporation can be sued in its

individual capacity and have not come forth with any evidence to suggest that KFC Manufacturing Corporation was not included in the coverage that resulted in the payment of workers' compensation benefits to plaintiff Perry Isom.

Plaintiffs contend that KFC Manufacturing Corporation existed independently of the parent corporations when the defective product was first manufactured and, therefore, this suit is not barred by the WDCA. However, plaintiffs have not presented any evidence to indicate that KFC Manufacturing Corporation existed as a separate legal entity at the time of plaintiffs' injuries. *Handley v Wyandotte Chemicals Corp,* 118 Mich App 423, 428-429; 325 NW2d 447 (1982). Because KFC Manufacturing Corporation was always engaged in related commercial activities, including when it was run as a wholly owned subsidiary, there exists no reason to treat KFC Manufacturing Corporation as a separate legal entity. *Verhaar v Consumers Power Co,* 179 Mich App 506, 508-509; 446 NW2d 299 (1989). Compare *Wodogaza v H & R Terminals, Inc,* 161 Mich App 746; 411 NW2d 848 (1987).

Even if this Court were to find that KFC Manufacturing Corporation was a separate legal entity, under the facts and circumstances of this case we believe that KFC Manufacturing Corporation would be entitled to a "reverse-piercing" of its corporate veil, pursuant to *Wells, supra,* p 650. *Major v Auto Club Ins Ass'n,* 185 Mich App 437, 440; 462 NW2d 771 (1990); MCR 2.116(C)(10),(G)(4). The statutory workers' compensation scheme was enacted for the protection of both employees and employers. The statute is to be construed liberally when an employee seeks benefits, and it should not be construed differently when the employer asserts it as a defense to a products liability action

brought by the employee who claimed and accepted benefits arising from that employment relationship. *Wells, supra,* pp 651-652.

In the alternative, plaintiffs argue that the dual-capacity doctrine should apply in this case on the basis of KFC Manufacturing Corporation's separate identity as a manufacturer of the allegedly defective product. We disagree. The application of this doctrine is limited to those situations where the second identity of an employer is completely distinct from its status as an employer and the second identity is recognized by established standards under the law as a separate legal persona. *Wells, supra,* p 653.

In this case, Perry Isom's relationship to KFC Manufacturing Corporation is not separate and distinct from the employment relationship because his use of the allegedly defective product arose out of the employment relationship. Consequently, the dual-capacity doctrine is inapplicable. *Wells, supra,* p 653; *Handley, supra,* pp 429-430.

Plaintiffs have suggested that this Court should resolve this case by considering decisions from other jurisdictions. We decline to do so because we are bound to apply the tests adopted by the Michigan Supreme Court for this precise issue, as discussed in *Wells, supra.* In addition, we believe the cases submitted from other states are distinguishable on the facts surrounding the mergers involved and the prior corporations that existed.

Plaintiffs have raised additional arguments that address alternative grounds the trial court gave for granting summary disposition. We need not reach those issues, given our conclusion that plaintiffs' action against KFC Manufacturing Corporation was barred by the exclusive remedy provision of the WDCA.

Affirmed.