COPE, Judge.
Western American Insurance Company appeals a non-final order granting partial summary judgment on liability in favor of its insured, Carolyn Lowrie. We reverse.
The insurer issued a homeowner’s insurance policy to the insured. The insurance policy included coverage for “[accidental discharge or overflow of water ... from within a household appliance.” The insured’s waterbed broke while being filled, and caused water damage. The trial court ruled that the waterbed is a “household appliance” and that the insurer must cover the loss.
In our view, a waterbed is an item of furniture, and is not a “household appliance” within the ordinary meaning of that phrase. In the common understanding, a household appliance is a household device that does work or performs a task, such as a washer, dryer, vacuum cleaner, or toaster. Cf. Murray v. Royal Indemnity Co., 247 Iowa 1299, 78 N.W.2d 786, 787 (1956) (“appliance” is “a thing used as a means to an end”). The waterbed was not within the policy definition and there is no coverage.
The insured argues alternatively that the leak can be deemed to have stemmed from the plumbing system, discharges from which are also covered by the insurance policy. Although it is true that the waterbed was filled by means of the plumbing system, it is undisputed that the leak emanated from the waterbed itself, which is not part of the plumbing system.
The judgment is reversed and the cause remanded with directions to enter judgment for the insurer.