Kelly, J.
(dissenting). The majority today overrules Wilmers v Gateway Transportation Co (On Remand)[1] and holds that a van is not an appliance within the meaning of subsection 315(1) of the Worker’s Disability Compensation Act (wdca), MCL 418.315(1). Ante at 345. The decision farthers a trend of ignoring this Court’s prior interpretation of the wdca and adopts a strict and harsh approach that we have previously disavowed. Because I disagree and would reaffirm Wilmers, I respectfully dissent.
*352 THE MAJORITY OVERRULES WILMERS WITHOUT ADDRESSING THE CASE LAW RELIED ON IN THE DECISION
In the past, this Court interpreted the WDCA and its predecessors broadly. For example, in Wells v Firestone Tire & Rubber Co,[2] Justice Cavanagh wrote for the majority:
The statutory workers’ compensation scheme was enacted for the protection of both employees and employers who work and do business in this state. The system assures covered employees that they will be compensated in the event of employment-related injuries. In addition, employers are assured of the parameters of their liability for such injuries. By agreeing to assume responsibility for all employment-related injuries, employers protect themselves from the possibility of potentially excessive damage awards. In order to effectuate these policies, the statute has been liberally construed to provide broad coverage for injured workers.
Wells reflected the Court’s view that “ [t]he social and remedial purposes of the [wdca] were structured to quickly and assuredly compensate employees for injuries suffered.” Farrell v Dearborn Mfg Co, 416 Mich 267, 280; 330 NW2d 397 (1982). Until recently, Michigan courts adhered to this view.[3]
*353 In Wilmers, the Court of Appeals interpreted the statute consistently with precedent. Specifically, the Wilmers Court reasoned:
The Worker’s Disability Compensation Act is remedial legislation that should be interpreted liberally in a humanitarian manner in favor of the injured employee. Wells v Firestone Tire & Rubber Co, [supra at 651]; Matney v Southfield Bowl, 218 Mich App 475, 486; 554 NW2d 356 (1996). Literal constructions that produce unreasonable or unjust results that are inconsistent with the purpose of the act should be avoided. Rowell v Security Steel Processing Co, 445 Mich 347, 354; 518 NW2d 409 (1994). . . . [T]he clear purpose of § 315(1) is to provide the injured employee with such services and products as are reasonably necessary to cure or relieve the effects of injury. Here, plaintiff’s evidence (which was never rejected by the magistrate or the wcac) indicated that one of the effects of his injury is a loss of mobility, including an inability to use an ordinary car, or even a specially equipped one, for transportation. We conclude that under these circumstances the entire specially equipped van that plaintiff requires for transportation, and not just its special modifications, may be considered a reasonably necessary “appliance” for purposes of § 315(1). [Wilmers, supra at 345-346 (emphasis added).]
Today, the Court rejects Wilmers and the cases on which it relied. It does so without addressing Wilmers’ interpretation of the wdca, focusing instead on Judge Young’s dissent.
This omission is not surprising. Earlier, the majority was confronted with the fact that the wdca has long been broadly interpreted, and the majority chose to ignore that fact. For instance, in Crowe v Detroit,[4] *354 the dissent noted that the majority “ignores our duty to recognize that the wdca is a remedial statute that should be liberally construed in favor of the employee, and must be construed to grant rather than deny benefits.” Id. at 22 (Cavanagh, Weaver, and Kelly, JJ., dissenting).
The majority reacted dismissively, stating:
We do not think that the statute at issue is ambiguous.
In any event, if the statutory language were ambiguous, our first duty is to attempt to discern the legislative intent underlying the ambiguous words. Only if that inquiry is fruitless, or produces no clear demonstration of intent, does a court resort to the remedial preferential rule relied on in the dissent. [Id. at 13.]
The response indicates the majority’s preferred method of legislative interpretation. However, it avoids the fact that Michigan courts have consistently applied a different interpretation than the majority does to the wdca. Thus, without overruling or distinguishing it, the majority ignores past case law because the majority disagrees with it.
Likewise, the majority disregarded the accepted interpretation of the wdca in DiBenedetto v West Shore Hosp, 461 Mich 394; 605 NW2d 300 (2000). There, the majority noted the accepted interpretation, but ignored it, holding that the “plain language of the statute” precluded a broad interpretation, “no matter how liberally that language is construed.” Id. at 406. Moreover, the majority did not acknowledge that “any inquiry into the applicability of the [wdca]” involved principles of liberal construction, but instead restricted those principles to where the statutory language was ambiguous. Hagerman v Gencorp Automotive, 457 Mich 720, 739; 579 NW2d 347 (1998). *355 The Court of Appeals in Wilmers applied our longstanding broad interpretation of the wdca. The majority would overrule the result the Wilmers Court reached without confronting or even acknowledging the precedent that Wilmers relied on.
Of course, a dearth of analysis begs a dearth of argument. It is difficult to analyze the majority’s reasoning in changing the law when it provides no reasoning to question. The opinion states why the majority’s view is correct, but fails to state why the old view is wrong.
the wilmers court reasonably concluded that a van COULD BE AN “APPLIANCE” UNDER SUBSECTION 315(1)
The Wilmers Court held that a specially modified van could be an “appliance” under subsection 315(1). The section at issue provides:
The employer shall also supply to the injured employee dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus, and other appliances necessary to cure, so far as reasonably possible, and relieve from the effects of the injury. . . . [MCL 418.315(1) (emphasis added).]
Specifically, Wilmers held that loss of mobility was a consequence of the appellant’s injury and that a van was necessary to give the appellant a sense of normalcy. Wilmers, supra at 345-346.
The dissent in Wilmers and the majority here assert that “appliance” cannot mean a van because a van is not similar to or related to the other items listed in MCL 418.315(1). Ante at 350. They would restrict “appliance” to mean “artificial adaptive aids that serve *356 to directly ameliorate the effects of a medical condition.” Ante at 350.
As in Wilmers, the plaintiff here cannot walk without difficulty.[5] This lack of mobility is the result of a work-related medical condition in both cases. What could ameliorate a lack of mobility? I submit that a van reasonably falls within the majority’s definition of an appliance in certain cases.
The majority argues that a van is unlike crutches, prostheses, or hearing aids. However, in some cases a van serves the same puipose as crutches or prostheses because it allows an individual freedom of movement. Moreover, subsection 315(1) also includes the term “dental service” as well as artificial teeth. Dental service is a broad term that is unlike any of the others and it may include anything from cosmetic surgery to jaw repair.
The Wilmers Court was not alone in holding that the term “appliance” may include a van in a worker’s compensation context. It noted:
Our conclusion is supported by the decisions of courts in several other states that have held that specially equipped vans for paraplegics may constitute, in their entirety, a compensable “appliance” or “apparatus” under worker’s compensation statutes similar to § 315(1). Terry Grantham Co v Industrial Comm, 154 Ariz 180; 741 P2d 313 (Ariz App, 1987); Aino’s Custom Slip Covers v DeLucia, 533 So 2d 862 (Fla App, 1988); Edgewood Boys’ Ranch Foundation v Robinson, 451 So 2d 532 (Fla App, 1984); Manpower Temporary Services v Sioson, 529 NW2d 259 (Iowa, 1995); Mis *357 sissippi Transportation Comm v Dewease, 691 So 2d 1007 (Miss, 1997). We find the following passage from the Iowa Supreme Court’s decision in Manpower Temporary Services particularly instructive:
“We begin with the unusually strong medical evidence of necessity and of the record that [the injured employee’s] family status and past lifestyle reveal no other use for the van. That evidence refutes any contention that the van is a frill or luxury and reveals what can be described as an appliance, not greatly different from crutches or a wheelchair. The point is that a van is necessary in order to make [the injured employee’s] wheelchair fully useful.
“In another context, like other courts, we have agreed with the dictionary definition that describes the term ‘appliance’ as ‘a means to an end.’ Murray v Royal Indemnity Co, 247 Iowa 1299, 1301; 78 NW2d 786, 787 (1956). The ‘end’ of the van is merely an extension of [the injured employee’s] 300-pound wheelchair. Without a van she is, more than need be, a prisoner of her severe paralysis. The [factfinder] could thus reasonably view the van as an appliance, a necessary part of [the injured employee’s] care. [529 NW2d 264.]”
We acknowledge that there are decisions from courts in some other states that deny worker’s compensation coverage for specially equipped cars and vans on the ground that such vehicles simply do not constitute a medical apparatus or device, and decisions from courts in still other states that allow reimbursement only for the cost of the special vehicle modifications or allow the employer to offset the cost of the vehicle before modification with the cost of an average, midpriced car of the same year. However, we are persuaded that, under the circumstances of this case, and given the kind of substantial vehicle modifications that this plaintiff requires, the entire vehicle may here be considered an “appliance” covered by § 315(1), even though it is not actually necessary to rebuild the entire vehicle to accommodate the handicap. The wcac’s interpretation of the term “appliance” is unduly restrictive and contrary to the principle of interpreting the Worker’s Disability Compensation Act in a liberal and humanitarian manner so as to effec *358 tuate the remedial goal of relieving injured workers from the effects of injury. [Wilmers, supra at 346-347.]
CONCLUSION
Therefore, considering the majority’s own malleable definition of “appliance”[6] and other jurisdictions’ decisions, I submit that the Wilmers Court reasonably concluded that a van could be an “appliance” under subsection 315(1). I would reaffirm Wilmers as good law.

 227 Mich App 339; 575 NW2d 796 (1998).

 421 Mich 641, 651; 364 NW2d 760 (1984).

 See, e.g., Hagerman v Gencorp Automotive, 457 Mich 720, 739; 579 NW2d 347 (1998); Derr v Murphy Motor Freight Lines, 452 Mich 375, 388; 550 NW2d 759 (1996); Sobotka v Chrysler Corp (After Remand), 447 Mich 1, 20, n 18; 523 NW2d 454 (1994); Paschke v Retool Industries, 445 Mich 502, 511; 519 NW2d 441 (1994); Bower v Whitehall Leather Co, 412 Mich 172, 191; 312 NW2d 640 (1981); Century Indemnity Co v Schmick, 351 Mich 622, 626; 88 NW2d 622 (1958); McCaul v Modern Tile & Carpet, Inc, 248 Mich App 610, 619; 640 NW2d 589 (2001); James v Commercial Carriers, Inc, 230 Mich App 533, 538-539; 583 NW2d 913 (1998); Tulppo v Ontonagon Co, 207 Mich App 277, 283; 523 NW2d 883 (1994); Isom v Limitorque Corp, 193 Mich App 518, 522-523; 484 NW2d 716 (1992); Andriacchi v Cleveland Cliffs Iron Co, 174 Mich App 600, 606; 436 NW2d *353 707 (1989); Gross v Great Atlantic & Pacific Tea Co, 87 Mich App 448, 450; 274 NW2d 817 (1978); Welch v Westran Corp, 45 Mich App 1, 5; 205 NW2d 828 (1973), aff' d 395 Mich 169 (1975).

 465 Mich 1; 631 NW2d 293 (2001).

 The Worker’s Compensation Appellate Commission rejected plaintiff’s claim for reimbursement for the van on the basis of factual distinctions between this case and Wilmers, even though it applied Wilmers. However, the majority opinion today would foreclose the possibility of a van being considered as an appliance under the wdca in any factual situation.

 Ante at 349.